# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2017

Lyle W. Cayce
Clerk

ADEKUNLE MUNIS MUNIS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 968 408

Before HIGGINBOTHAM, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Adekunle Munis Munis, a native and citizen of Nigeria, seeks review of an order of the Board of Immigration Appeals (BIA) denying his applications for asylum and withholding of removal. Munis contends that based on his credible testimony, as well as documentary evidence, he sufficiently established that he will be persecuted if returned to Nigeria on account of his imputed political opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60524

This court generally reviews only the BIA's decision except to the extent that the immigration judge's ruling influences the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA approved of, and relied upon, the immigration judge's findings; thus, we may review the decisions of the immigration judge and BIA. *See id.*

The immigration judge concluded that even if all of Munis's assertions were taken as true, *i.e.*, Munis's father was poisoned due to his whistleblowing activities and the same individuals were looking to harm Munis in Nigeria, Munis's claims were unavailing because he failed to show a state actor was involved and that a nexus existed to any statutorily protected ground. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). The immigration judge reasoned that the individuals who allegedly poisoned Munis's father were private individuals with a financial motive. We have held that economic extortion and actions based on a criminal motive or a desire for money do not rise to the level of persecution because of a protected ground. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2004). Munis does not challenge these findings by the immigration judge. Accordingly, he has abandoned any argument challenging the decision denying him relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Moreover, Munis's speculative assertions were insufficient to satisfy his burden for asylum. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Because Munis failed to meet the bar for asylum, he does not meet the standard for withholding of removal. *See Efe v. Aschcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

This court will not consider Munis's claim for relief under the Convention Against Torture because he failed to exhaust the claim before the BIA. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Accordingly, the claim

No. 16-60524

is dismissed for lack of jurisdiction. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

DENIED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.